THE TOWN OF CHEROKEE v. THE S. C. & I. F. TOWN LOT AND LAND CO.

1. **Municipal Corporations**: ESTABLISHMENT OF STREETS. The exercise of the power to establish streets, conferred upon cities and towns by section 464 of the Code, will not be reviewed by the courts upon the ground that it is in conflict with the public interest, the decision of the city or town authorities upon that question being conclusive.

2. —: —: EVIDENCE. In proceedings to assess the damages to certain property by reason of the location of a street thereon witnesses testifying to the value of the land are not required to be experts. Residents of the town, familiar with the premises and having ordinary opportunities of knowing the value of real estate in that locality are competent.

3. —: —: —. Evidence of the price at which other tracts of land in the same neighborhood have been sold is admissible, the difference in location, character and value between them and the tract in question being shown.

4. —: —: DAMAGES. The diversion of travel from other streets, caused by the opening of the new street, is a remote consequence of the appropriation of the land and does not constitute ground for the allowance of damages.

5. —: —: OFFER: COSTS. In such a proceeding the offer of the town to submit to a judgment for a stated amount will not, in case of a verdict for a smaller sum, authorize the court to tax the costs to the land owner under section 2900 of the Code, that section not being applicable to such actions.

*Appeal from Plymouth Circuit Court.*

MONDAY, OCTOBER 27.

THIS is a proceeding to assess the damage sustained by defendant on account of a street laid off by plaintiff upon land owned by defendant. There was a judgment for defendant for the sum of $150, and for part of the costs of the proceedings. The defendant appeals.

*G. S. Robinson*, for appellant.

*William J. Galbraith*, for appellee.

BECK, CH. J.—I. The petition was filed in the Cherokee Circuit Court under Code, section 476, asking that the com-

pensation to which defendant may be entitled for the location of a street upon its land may be determined. An answer was filed denying that the street is a public necessity and demanded by the public interest and welfare. It also avers that the land has been laid off into town lots and duly platted and dedicated as an addition to the town of Cherokee; that the proposed street will pass diagonally across the addition and greatly diminish its value; that the street is wholly unnecessary and not required for the public good; that it would be a public injury in the increase of the expenditure of public money it would cause, and that the plat of the town would be injured in its plan and symmetry.

A demurrer to the answer was overruled, and thereupon the venue of the cause was changed to Plymouth county. The Plymouth Circuit Court reconsidered the ruling upon the demurrer and sustained it. No question is raised as to the authority of the court to reconsider and reverse the former decision of the Cherokee Circuit Court. Indeed we understand that the question is expressly waived by defendant.

The legislature of this State has delegated to towns the power to lay off and establish streets Code, section 464. The 1. MUNICIPAL town councils are clothed with authority to determine the wants and necessities of the public, and decide upon the question of establishing and laying off streets. Their action in exercising this power cannot be questioned upon the ground that it is in conflict with public interest. See Dillon's Municipal Corporations, sections 467–58–59–456–466, and authorities cited.

The courts may inquire whether land appropriated by a city is taken for public purposes. But a street is a public purpose for which land may be taken upon rendering compensation, and the court will not review the decision of the city authorities holding that the public interest requires a street to be established. See *Bankhead v. Brown*, 25 Iowa, 540, and authorities above cited. We conclude that the demurrer was correctly sustained.

II. Certain witnesses were introduced by plaintiff who testified to the value of the land upon which the street is lo-

cated. The purpose of the evidence was to show the damage

2. ——: ——: sustained by the appropriation of the land. De-
evidence.       fendant insists that the witnesses were not shown
to be competent to testify as to the value of the land. It is
clear that the case is not one demanding the testimony of ex-
perts; no question of art, science or skill being involved. The
witnesses were residents of the neighborhood and owners of
land and had knowledge of sales of land near the tract in
question. They were familiar with the quality and location
of defendant's land, and some of them were dealers, to some
extent, in real estate. We think they were competent to tes-
tify to the value of the property.

III. Witnesses were permitted to testify against defend-
ant's objection to the value of a part of the land considered
separate from the whole. We discover no well grounded ob-
jection to this evidence. The jury were required to ascertain
the fair market value of the land in order to determine de-
fendant's damages. It surely was not necessary that such
value should have been determined by considering the whole
tract; this is certainly true in view of the fact that the land
is divided into lots, and, being within the town, would be sold
when put in market in such subdivisions.

IV. A witness was permitted to testify to the price which
other tracts in the neighborhood brought at actual sales. This

3. ——: ——: testimony, it is insisted, was erroneously admitted
——.        for the reason that it was not shown the land in
question was similarly situated and of like character. It would
probably be impossible to find another tract of land similar
in quality and location to the one in question. The difference
between the land in question and the tract spoken of by the
witness would be considered in determining the value of the
former. In this way the evidence would aid the jury in reach-
ing a conclusion as to the value of defendant's land.

V. The court directed the jury that they could not "take
into consideration, in their estimate of damages to the land by

4. ——: ——: the proposed street, the diversion of travel from
damages.       streets along other portions of the tract." This
instruction is the foundation of an objection by defendant.

We think it correct. The diversion of travel is an incident of the opening of the new street that results from the convenience of the public. It is not an immediate but a remote consequence of the appropriation of the land and will not constitute a ground for allowing damages. See *Sater v. Burlington & Mt. Pleasant Plank Road Company*, 1 Iowa, 386.

VI. Before this cause came on for trial the plaintiff offered in writing to submit to a judgment for $200 and costs, as compensation for the appropriation of defendant's land. The offer was refused. A verdict for $150 was rendered. The plaintiff thereupon moved the court to tax against defendant all costs made in the case after the offer was made. The motion was sustained. The ruling of the court was based upon Code, section 2900. We think the section is not applicable to cases of this kind. Such an offer, it is expressly provided, may be made " in an action for the recovery of money only." This is not an action for the recovery of money. It is a proceeding to determine the value of land appropriated to public use, to the end that compensation may be rendered therefor. The defendant in this action does not seek to recover money from plaintiff. Its effort is the very reverse; it resists the acceptance of money which plaintiff seeks to pay it for the land. Surely the proceeding cannot be said to be an action for the recovery of money. We are of the opinion that proceedings of this kind are not within the language of the statute. They are certainly not within its spirit. The hardships which would arise, were the interpretation of the court below adopted, leads to the conclusion that it does not express the legislative intention.

The order of the court taxing costs against defendant is reversed, all other rulings are affirmed. The cause will be remanded for an order taxing the costs in harmony with this opinion; the judgment upon the verdict remaining undisturbed.

                                        MODIFIED AND AFFIRMED.

SUPPLEMENTAL OPINION.

BECK, CH. J.- 1. Upon filing the original opinion in this cause, our attention was called to a supposed conflict between

the fourth point thereof and the fourth point of the opinion in *King v. The Iowa and Midland R. R. Co.*, 34 Iowa, 458 (461). While we were satisfied that the doctrines announced in the two cases did not conflict, it appeared that on account of the brevity with which we had disposed of one of the points in the case, the fourth, our ruling thereon might be misunderstood; we therefore ordered, on our own motion, a rehearing of the case upon the question decided in the fourth point of our original opinion.

Counsel for defendant thereupon filed a petition for rehearing upon all the questions raised in the case.

II. We will first remark that upon a careful re-examination of the case we remain satisfied with the conclusions announced in our original opinion, and with the manner in which we have presented them, excepting the fourth point. We think the other points demand no further consideration. The petition asking for a rehearing upon those points is overruled.

III. The fourth point of our original opinion demands brief discussion in order to present the facts as disclosed by the record and show its agreement with the prior decision above mentioned.

The testimony showed that the land which had been sold and the price testified to by the witness was on the same " bottom," and its character and value were compared to the land involved in this suit by the witness. The evidence showed that the lands were not similar in character and location, but the difference was pointed out. This testimony is briefly referred to in our original opinion. The value of the tract with which the land in question was compared being determined by its sale, and the difference in location and quality of the two tracts being shown, the jury would be aided thereby in reaching a conclusion as to the value of the land involved in this suit.

In *King v. The Iowa Midland R. R. Co.*, *supra*, the tracts of land were not shown to be of like character, nor were the differences between them pointed out. In that case it was proposed to show the price at which a neighboring tract of

land had been sold without any evidence comparing its quality to the land in suit. It is very plain that upon such testimony no opinion could have been formed as to the real value of the land in question. In this case the quality, etc., of the tracts of land are compared and the difference pointed out. The value of one being determined a conclusion may be drawn as to the value of the other.

We adhere to the conclusions announced in our original opinion.