STRAHAN v. THE TOWN OF MALVERN.

1. **Cities and Towns:** PURCHASE OF LAND FOR STREET: COLLUSION
AND FRAUD: EVIDENCE. In an action against the defendant town
for the price of land sold it for a street, the defense was that the
purchase was unlawful, on the ground that it was in fact made for
the benefit of a railroad company which desired the ground for a
right of way, and that the plaintiff and others combined together
to have the land procured for the railroad company, but ostensibly
for the town. On this issue, *held* that evidence was properly
admitted tending to show that the company was at the time of the
purchase trying to get the right of way, and the record of condem-
nation proceedings was competent for that purpose, though the
awards had not been paid. Also, that the testimony of one who
was mayor of the town at the time, as to what was said and done
by the town council, as showing the purpose of the council in estab-
lishing the street for which it was pretended the land was wanted,
was material to the issue and properly admitted.

2. ———: ———: ———: INSTRUCTIONS. In such case the court
properly gave instructions to the effect that the jury should not
inquire as to the necessity of the street for which the land was
ostensibly bought, that being a matter for the discretion of the
town council, but that they should inquire as to the purpose of the
council in establishing the street; that is, whether the real design
was to establish a street or to procure a right of way for the rail-
road company.

3. ———: ORDINANCE ESTABLISHING STREET: PRESUMPTION AS TO
PUBLIC PURPOSE: EVIDENCE TO REBUT. When a town council has
passed an ordinance establishing a street, it must be presumed that
it was established for public use; but where it is claimed that the
real purpose was to provide a right of way for a railroad,—which
is not a public purpose within the meaning of the law as to the
authority of the council in such cases,—the fact may be shown by
evidence overcoming the presumption.

4. ———: PROCURING LAND FOR RAILROAD: ULTRA VIRES. The pur-
chase of land by a town for the use of a railroad for right of way,
though ostensibly for a public street, is *ultra vires* and the pur-
chase price cannot be collected by one having knowledge of the
facts and aiding in the transaction.

*Appeal from Mills District Court.* — HON. A. B.
THORNELL, Judge.

FILED, MAY 15, 1889.

ACTION to recover for land sold to the defendant town for an avenue. Judgment for defendant and plaintiff appeals.

*E. B. Woodruff, P. P. Kelley* and *L. T. Genung,* for appellant.

*W. S. Lewis* and *Stone & Gillilland,* for appellee.

GRANGER, J.—In 1879 the defendant town adopted an ordinance, and went through the legal forms of establishing within its limits what is known as "Union avenue," and plaintiff avers that by an agreement with the defendant he purchased the land on which the avenue is located for the defendant, and for which the defendant was to pay him three thousand and twenty-four dollars, with interest at ten per cent. until paid. The defendant's claim is that the land was never designed by the town as an avenue, but only as a right of way for a railroad, and for which purpose it was taken and used, and that the town council, in the steps taken by it to establish an avenue, was acting in concert with the plaintiff and others to indirectly secure a right of way for the railroad at the expense of the defendant town; that it was a fraudulent combination between plaintiff and others, with no intention whatever to provide an avenue for public use.

I. The essential fact for the disposition of the case is, did the counsel of the defendant town agree with the plaintiff to pay for the strip of land for the purpose of an avenue or for the right of way for the railroad? This seems to have been the view substantially taken by the district court, and the question properly for us is, were the testimony and instructions legitimate to the inquiry? The railroad company had taken steps to condemn the right of way through the town and over

1. CITIES and towns: purchase of land for street: collusion and fraud: evidence.

the land in question, and the record of these proceedings was put in evidence, against the objections of the plaintiff, on the ground that the awards were not paid. As the jury must pass upon the question of the purpose of the proceedings of the council, and the agreement with the plaintiff as to this particular piece of land, and under the allegation that the purpose of all parties was to secure a right of way for the railroad, and not in fact an avenue, it was proper for the jury to be placed, as nearly as the testimony could place it, as the parties were at the time of the transactions, to ascertain their purposes; and the fact that the railroad company was at that time endeavoring to get the right of way would be proper for consideration, and also what was done, with the knowledge of the parties charged with the collusion. The record does not show, as claimed by appellant, that the jury were left to infer that the right of way was condemned for the railroad company; and it appears that this testimony was admitted only to show that the company was trying to get the right of way, and as one link in a chain of evidence tending to prove that the acts of the council and the plaintiff were to secure it for the company, and in the manner claimed by the defendant.

II. Error is assigned as to the testimony of one H. E. Boehner, who was at the time mayor of the town, and who gave testimony as to what occurred at the town council, and, among other questions, was this: "What, if anything, do you know as to what caused the council to pass the ordinance establishing Union avenue?" Against the objection that it was incompetent and immaterial, the witness answered, and the answer discloses that before the passage of the ordinance the company was grading its road on the land in question; that it was talked that the council had not the right to pass the ordinance; that the plaintiff would take and hold the warrants to be issued; and that the legislature could be induced to pass an act authorizing the town to bond its indebtedness; that a bond had been given by plaintiff and

others for the right of way for the railroad through the township; that the road was then partially constructed over the land in question; with other facts tending to show the purpose of the ordinance. Under the allegations of a fraudulent conspiracy or arrangement to defraud the tax-payers by a pretense to establish an avenue, when the real purpose was to purchase the right of way, this testimony was clearly competent and material. Without such a rule it would be almost impossible to establish the fact of such a combination. It was a question of the intent or purpose with which they acted.

III.    Counsel, in argument, present objections to several instructions given by the court, and parts of instructions, on the theory that they contravene the right of the defendant town to purchase land for street, park or other public purposes, and hence that they are erroneous. Such is not the legal import of the instructions  On the contrary, they clearly recognize the right of the town to make such purchases, and hold that if such a contract was made with the plaintiff he is entitled to recover. The fourth, fifth and sixth instructions by the court indicate the tenor of its instructions throughout, and of themselves answer many of the objections presented, and to that end they are here inserted:  "(4) The powers that can be lawfully exercised by a municipal corporation like the defendant are such only as are enumerated in the statute. They cannot lawfully go beyond or exceed the authority granted to them by the statute, and the trustees of such corporation cannot by indirection appropriate the funds or pledge its credit to assist improvements or projects to which the statute of the state does not authorize them to give assistance. (5) The question to be determined by you in this connection is, was the credit of said town, or its funds, appropriated to purchase land to be used for a street, or was such appropriation in fact made to purchase right of way for said railroad company? If the purpose was to purchase land to be devoted to the use of a street for

*2. $\frac{-:-}{-:}$ instructions.*

said town, you have no right to inquire whether there was need of such street, or whether the location thereof was wise or unwise. Said trustees had the right to determine the necessity for streets, and establish the same in said town, and the wisdom of their course in determining what streets should be established is not reviewable in this court. But whether the funds or credit of said town were appropriated to purchase land for a street or for right of way for said railway company is a proper subject of inquiry, and if you should find from the evidence that under the semblance of purchasing lands for a street said trustees of said town were in fact purchasing the right of way for the railway company, then they were acting beyond the scope of their authority, and the contract entered into with reference thereto cannot be enforced. (6) If you should find from the evidence that when said street was established by the trustees of the town, and the contract therefor entered into with plaintiff, the purpose in so doing was to provide a street for the use of the town, it will make no difference that soon thereafter the right of way thereon was granted to the railway company. To be invalid, the original object in establishing said street, and in purchasing the right of way therefor, must have been by indirection thereby to furnish a right of way for the railroad company. The question whether said appropriation was made, and the contract entered into with plaintiff, for the purpose of providing a street for the town, or for the purpose of buying the right of way for the railroad company, are questions of fact, to be determined by you from all the evidence and circumstances of the case." These instructions go so far as to preclude the jury from making inquiry as to a necessity for an avenue, but limit inquiry as to the purpose of the council in passing the ordinance, i. e., did the council design the establishment of an avenue or the procurement of a right of way?

IV. It is urged that after the passage of the ordinance establishing the avenue it must be taken as true

**3. ——: ordinance establishing street: presumption as to public purpose: evidence to rebut.** that it was established for public use as such. That is true, *prima facie*. But the fact, as thus established, may be overcome by proofs sufficient to show the facts otherwise. There is nothing in the cited cases of *Bankhead v. Brown*, 25 Iowa, 540, or *Town of Cherokee v. Land Co.*, 52 Iowa, 279, not in harmony with this view. In the latter case it is held that the council is clothed with authority to determine the wants and necessities of the public, and that its action in exercising this power cannot be questioned on the ground that it is in conflict with the public interest. But it holds that "the court may inquire whether land appropriated by a city is taken for public purposes;" and that is the inquiry in this case. "Public purposes," within the meaning of the law as to the authority of the council in such cases, would not mean a right of way for railroad purposes.

V. As against the claim that the action of the town council was *ultra vires*, we are referred to *City of Marshalltown v. Forney*, 61 Iowa, 578, and council urge that this case does not differ from that in principle. That was a case in which an alley was vacated in order that an opera-house might be built by an individual, and the point was made that the act of the council was *ultra vires*, and the court held otherwise, on the ground that the council was vested with the power to vacate streets and alleys; that the act of vacation put an end to the public interest in the land; and, in substance, that it was a matter of no public concern that the land was devoted to a private purpose. It is not claimed in that case that the act of vacation was not a conscientious one, in the public interest. How different the case at bar. Here the council, although pretending to establish an avenue for public use, are using the power they possess as agents for the public to impose upon it an unlawful burden of taxation This the jury must have found. The distinction between the two cases is too plain to require further comment.

**4. ——: procuring land for railroad: ultra vires.**

IV. The testimony of the plaintiff leaves little if any room for doubt that the finding of the jury was right. His statements show that the whole purpose of the council and other parties was at the time to secure for the railroad company a right of way through the town, and it was felt that it should be made a public burden by way of taxation. However well equity, from the stand-point of a public enterprise, would clothe the effort, it was a plain violation of the letter and spirit of the law, and the courts cannot sanction it.

AFFIRMED.