The Chicago, Milwaukee & St. Paul Railway Com-
PANY, Appellant, v. F. Starkweather, Street
Commissioner, *et al.*

**Municipal Corporation:** EMINENT DOMAIN: *Railroads.* Under Code,
-section 1270, authorizing cities and incorporated towns to take *pri-
vate* property for streets, a town ,may extend a street across the
depot grounds of a railway company, where such taking, though
it interferes somewhat with, does not deprive the railway com-
pany of the right to operate its road.

*Appeal from Sioux District Court.*—Hon. George W.
Wakefield, Judge.

Saturday, February 1, 1896.

This is a *certiorari* proceeding, for the review of
the action of the council of the incorporated town of
Boyden, in extending a street across the depot grounds
of the plaintiff. There was a trial on the merits, and
a judgment dismissing the petition. The plaintiff
appeals.—*Affirmed.*

*Milt H. Allen* for appellant.

*Boies & Roth* for appellees.

Robinson, J.—The plaintiff owns and operates a
railway which extends from the city of Milwaukee, in
the state of Wisconsin, westward, through Iowa, to

Chamberlain, in South Dakota. The incorporated town of Boyden is on that line, in Sioux county; and the defendants are the mayor, trustees, and street commissioner of that town. The railway extends from east to west through the town, and separates the part which contains most of the inhabitants, and which is north of the depot grounds, from the part which is south of it. Main street extends from north to south on each side of the depot grounds, but prior to September, 1892, was not opened through them. In that month the council passed an ordinance, which, in terms, extended the street through the grounds; appropriating for that purpose a strip of land eighty feet wide, which connected the two parts of the street, and which, when opened, will make it continuous. Proceedings were then had, under section 1244 of the Code, for the assessment of the damages to the plaintiff which the opening of the street would cause. They were assessed at fifty dollars. That sum was paid to the sheriff for the use of the plaintiff, and in December, 1892, a resolution was adopted by the council, opening the street. In November, 1892, the plaintiff filed its petition in this case, alleging that the proceedings which had then been taken were illegal and void, for several reasons, and asking that they be annulled. A writ of *certiorari* was issued. A return thereto was made, and amendments to the petition, and an answer, were filed. A demurrer to the answer was overruled, and a trial was had, with the result already stated.

I. The plaintiff discusses the right of the defendant, in a proceeding by *certiorari*, to set out in an answer, matters which do not relate to the jurisdiction to take the action of which complaint is made in the petition. We do not find it necessary to determine the question thus presented, for the reason that nothing material was set out in the answer in this

case, of the character suggested, which would have prejudiced the plaintiff. We therefore express no opinion in regard to issues which may be presented by answer in *certiorari* proceedings. The important questions involved in this case were presented by the petition, the return, and the evidence.

II. It is claimed by the appellant that depot grounds are essentially public property; that they may be acquired by the exercise of the right of eminent domain, when they cannot be otherwise obtained; and that for these reasons they cannot be taken by means of that right. It is undoubtedly true that the railway and station grounds are operated and used in part for public purposes. The right of eminent domain rests upon the theory that property taken by virtue of it is to be used for the benefit of the public, and it cannot be exercised for any other than a public object. *Stewart v. Board*, 30 Iowa, 19, 1 Redfield R. R. 228; 6 Am. and Eng. Enc. Law, 515. But it is not true that property devoted to one public use, cannot be subjected to any other. It is within the power of the general assembly to make the same property subservient to different public uses, or even to take it from one public use, and devote it to another. Thus, the streets of a town or city may be used for the purposes to which streets are ordinarily devoted, and also for railway purposes. *Milburn v. Cedar Rapids*, 12 Iowa, 256; *Cook v. City of Burlington*, 30 Iowa, 105. It was said in *Evergreen Cemetery Ass'n. v. City of New Haven*, 43 Conn. 234, to be unquestionable, "that the legislature has the power to authorize the taking of land, already applied to one public use, and devote it to another." That doctrine is sustained by numerous authorities, among which are the following: *City of Bridgeport v. New York & N. H. R. Co.*, 36 Conn. 255; *Inhabitants of Springfield v. Connecticut River R. Co.*, 58 Mass. 71; *Boston Water-Power Co. v. Boston & W. R. Corporation*,

23 Pick. 390; *In re City of Buffalo,* 68 N. Y. 170; *In re Boston & A. Railroad Co.,* 53 N. Y. 576; *Hickox v. Hine,* 23 Ohio St. 523; *Chicago W. D. Ry. Co. v. Metropolitan W. S. El. R. Co.,* 152 Ill. 519, (38 N. E. Rep. 736); *St. Louis, H. & K. C. Ry. Co. v. Hannibal Union Depot Co.* (28 S. W. Rep. Mo. 483); *In re Mayor, etc., of New York,* 135 N. Y. 253 (31 N. E. Rep. 1043); *Old Colony R. Co. v. Framingham Water Co.* (27 N. E. Rep. Mass. 662); *Cincinnati, S. & C. R. Co. v. Village of Belle Center* (27 N. E. Rep. Ohio 468); *City of Seymour v. Jeffersonville, M. & I. R. Co.* (Ind. Sup.) (26 N. E. Rep. 188); 6 Am. & Eng. Enc. Law, 533; *City of Ft. Wayne v. Lake Shore & M. S. Ry. Co.,* 132 Ind. 565 (32 N. E. Rep. 215).

The doctrine is subject to the modification, however, that the power to take the property for the second public use, when such an appropriation would supersede or defeat the first one, must be given expressly or by necessary implication; and stress is placed on that modification by most of the authorities to which we have referred. The use of the strip of ground in question for railway depot purposes is in part for the public benefit, and therefore public. The use for which the town of Boyden appropriated it is also public; but the plaintiff has occupied and used it for railway purposes for many years, and its rights are prior, in point of time, to any which the town has acquired. It is true, the grounds were not obtained for the plaintiff through the exercise of the right of eminent domain, but by a conveyance from its owner; but it may be conceded, for the purposes of this case, that the method by which title was acquired is immaterial, so long as the use made of the land is a public one. The question remains to be determined whether, under the statutes of this state, the town was authorized to extend its street in the manner attempted, against the will of the plaintiff. It is said in Sutherland St. Const., section 388, that "there is a broad distinction

between acts which subvert or essentially impair a prior franchise or appropriation to a public use, and acts which permit a taking for a new public use, not involving an entire deprivation or diversion from the first use, but a joint use, so that after the second taking the same property serves still the original purpose, as well as the new, and the two uses are consistent. Under a general power to lay out and establish a railroad or highway, other railroads or highways may be crossed." Cities and incorporated towns of this state "have power to lay off, open, widen, * * * extend, establish and light streets, * * * and to provide for the condemnation of such real estate as may be necessary for such purposes." Code, section 464. They also have power to "purchase or condemn, and pay for out of the general fund, and enter upon and take any lands within or without the territorial limits of such city or town for the use of public squares, streets," and certain other purposes. Code, section 470. Section 1244 of the Code provides a method by which railroad corporations may take and hold real estate necessary for their use; and section 1270 permits cities and incorporated towns to proceed in the same manner to take "private property for streets, alleys and market house sites." The town of Boyden proceeded, under the two sections last cited, to appropriate the land in question; but it is said that no rights were acquired by so doing, for the reason that section 1270 permits the taking of "private" property for the purposes stated, and it is insisted the property in question is not private, but public. This is not correct. It is true that the railway property is held for the public use, and, for many purposes, is subjected to legislative control; but the title thereto is vested in a private corporation, for the benefit of its stockholders and other private persons. To that extent the property is private (*Whiting v. Railroad Co.*, 25 Wis. 167;

*Railroad Co. v. Commissioners*, 103 U. S. 4), and its use
for the benefit of the public will not be materially
affected by the taking in question. The extension of
the street as proposed will cause some inconvenience
to the plaintiff, in the operation of its trains, and will
interfere with a platform of cinders which was con-
structed across the strip of land in question, after the
ordinance appropriating it was passed. But the incon-
venience thus caused will be inconsiderable, as com-
pared with the benefit to the public which will result
from the opening of the street. The depot grounds
are one thousand four hundred feet in length by three
hundred feet in width. They are traversed by the
main railway track and two side tracks of the plaint-
iff. The depot is near the middle of the grounds,
measuring from east to west, and the proposed street
will cross the grounds near the west end of the depot.
No established street now crosses the right of way,
and the track of the plaintiff within the territorial
limits of the town, although a crossing at the point in
controversy was maintained and used for several years
before the action in question was taken, and there is
no ground for holding that the action of the council
in deciding that the public interest requires the open-
ing of the street is not conclusive. *Town of Cherokee
v. Sionx City & I. F. T. L. & L. Co.*, 52 Iowa, 280 (3 N.
W. Rep. 42). We are of the opinion that the statutes
of this state, to which we have referred, authorized
the opening of the street as proposed. They do not,
in terms, provide for the taking of property already
devoted to public uses, but the taking sought by the
defendants would not exclude the plaintiff from its
property, nor interfere materially with its use, the
operation of its trains, and the transaction of its busi-
ness. The exclusive right to use the railway as such
will remain in the plaintiff, and the public will have the
right to cross it at proper times, and by suitable means.

Our conclusion has support in the authorities. In *St. Paul Union-Depot Co. v. City of St. Paul* (15 N. W. Rep. Minn. 684), it was held that the city could not take for a street, real estate which the depot company had acquired for its use, where that use was necessarily exclusive, and it would be practically subverted by the proposed taking and use for the street. But it was said that "the power to extend streets and highways across railway tracks at suitable and convenient places, is necessarily implied in the general authority conferred on cities and towns for such purposes, without express provisions on the subject. In like manner, railroads necessarily cross streets and highways on their routes. An adjustment of the two public uses is thus demanded by public convenience and necessity, wherever practicable, and may well be presumed to be contemplated in the legislation authorizing such improvements and by corporations in accepting or acting under such legislation." See, also, *Railroad Co. v. Dayton*, 23 Ohio St. 510; *Morris & E. R. Co. v. Central R. Co.*, 31 N. J. Law 213; *Chicago & N. W. Ry. Co. v. Chicago & E. R. Co.*, 112 Ill. 589; *Bradley v. Railroad Co.*, 21 Conn. 305.

The views we have expressed dispose of the controlling questions in the case. There does not appear to be any substantial ground for disturbing the judgment of the district court, and it is AFFIRMED.