[No. 12902.    Department One.    July 28, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Barbara M. Floyd et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—RIGHT TO CONDEMN—COUNTIES—STATUTES. A county may construct permanent highways through the corporate limits of cities of the third and fourth class and for that purpose condemn the necessary right of way, where the city by ordinance has authorized it, under 3 Rem. & Bal. Code, §§ 5879-18 and 5879-19, providing that the county may construct such roads, and pay or aid the city to pay for the condemnation of rights of way, if the city is unable to pay for the same, and Id., § 5879-8, providing that the county commissioners, when necessary for straightening . . . or improving any permanent highway, may take the necessary right of way by condemnation proceedings.

Application filed in the supreme court July 1, 1915, for a writ of certiorari to review an order of the superior court for King county, Jurey, J., adjudging a public use in condemnation proceedings. Denied.

*J. M. Gephart* and *C. E. Patterson*, for relators.

*Alfred H. Lundin, W. F. Meier*, and *Edwin C. Ewing*, for respondents.

MOUNT, J.—This is an application for a writ to review an order of the superior court for King county, adjudging a public use in an action by King county to condemn certain

[1]Reported in 150 Pac. 618.

lands belonging to the relators, for a permanent highway through the town of Tukwila, in King county.

It appears that, on the 11th day of May, 1915, the town of Tukwila, which is an incorporated town, passed an ordinance granting to King county a right of way through the town for a permanent highway. The ordinance authorized King county to appropriate lands within the corporate limits for the purposes of the highway. The ordinance also recited that, the town being unable to pay for the acquisition by purchase or otherwise of the right of way granted, King county shall pay the entire expense of such acquisition. The ordinance also granted to King county full power and authority to construct and maintain at its own expense the permanent highway provided for. Thereafter King county sought to condemn the lands in question. After an adjudication of public use, the relators applied here for the writ.

The sole contention of the relators is that King county is not authorized under the statute to maintain the action. The statute provides (Laws of 1913, ch. 124, p. 384), as follows:

"Sec. 1. Each and every county of this state is hereby authorized to build, construct and improve any permanent highway as same is defined by chapter 35 of the Session Laws of 1911 through the corporate limits of any city of the third or fourth class, upon such streets or other rights of way connecting with such permanent highway in the corporate limits of such municipality as may be provided for such purpose by the municipal authorities, of sufficient width and appropriate for said purpose." 3 Rem. & Bal. Code, § 5879-18.

"Sec. 2. Where such city or town is unable to pay for the condemnation of such rights of way, the county may pay or aid such municipality to pay for the same. . . ." 3 Rem. & Bal. Code, § 5879-19.

It is argued by the relators that, under this statute, the town must provide the right of way for the permanent highway, and that the county is not authorized to maintain the proceedings for appropriation by condemnation. Laws of 1911, ch. 35, p. 120, § 8, provides:

"Whenever the board of county commissioners shall find it necessary for the purpose of straightening any permanent highway, lessening the gradients thereof, or otherwise *improving* the same to acquire or appropriate lands, real estate, or other property, and are unable to agree with the owners thereof, upon the reasonable and fair value of such lands, real estate, or other property, such board is hereby authorized to acquire the same by condemnation proceedings in the manner provided by law for the appropriation of lands . . ." 3 Rem. & Bal. Code, § 5879-8.

Chapter 124 (Laws of 1913), the substance of which is above quoted, was clearly intended to be an addition to the act of 1911, ch. 35, in which § 8, above quoted, is found. We think it is clear from these provisions that a county may construct permanent highways through the corporate limits of cities of the third and the fourth class, and for that purpose may take by condemnation the necessary right of way. This is especially true when the city itself, by ordinance, as was done in this case, granted the right of way and authorized the county to acquire the land. We think no other construction can reasonably be placed upon these provisions of the statute, and that the county has full authority to maintain the condemnation proceedings.

The application is therefore denied.

MORRIS, C. J., PARKER, CHADWICK, and HOLCOMB, JJ., concur.