[No. 14821. *En Banc.* May 31, 1919.]

THE STATE OF WASHINGTON, *on the Relation of the City of Cle Elum, Plaintiff,* v. THE COUNTY OF KITTITAS, *Respondent.*[1]

EMINENT DOMAIN (29) — PROPERTY SUBJECT — CITY PROPERTY. Since the right of eminent domain does not exist by implication but must be expressly given by statute, a county has no right to condemn, for a county road, city property either within or without the city limits; notwithstanding Rem. Code, § 5879-18, giving counties the right to condemn lands in a city for the construction of permanent highways, the act not authorizing the condemnation of property of the city.

SAME (29). The fact that property of a city is not now all being devoted to a public use does not authorize its condemnation by another public corporation.

[1] Reported in 173 Pac. 698.

Certiorari to review a judgment of the superior court for Kittitas county, Truax, J., entered April 5, 1918, adjudging a public use and necessity, in condemnation proceedings for a county road.   Reversed.

*Pruyn & Hoeffler,* for plaintiff.
*Arthur McGuire,* for defendant.

MACKINTOSH, J.—Kittitas county is attempting to exercise its right of eminent domain for the purpose of acquiring a right of way for a county road over land owned by Cle Elum, a city of the third class. Judgment of condemnation was entered by the trial court, and the action is here on the city's application to review that judgment.

Cle Elum, in 1910, acquired a tract of land approximately thirty-nine acres in area, situated about four miles outside of its corporate limits.   The city created upon the property a reservoir for the storing of water to be used as an auxiliary supply for the city and its inhabitants.   The public road over which traffic passes from the city of Easton to Cle Elum is located near the western boundary of the reservoir site and within two hundred and twenty-five feet of the reservoir.   It crosses near the northwest corner of the tract and then extends in an easterly direction some distance beyond the north line of the tract.   This road contains a heavy grade, and the county desiring to reduce this grade, in this proceeding seeks to condemn a right of way from a point near the northwest corner of the tract and extending in an easterly direction across it. This proposed new road would be a much easier grade than that of the old road, with which it again connects after it leaves the property here referred to.

The question for consideration is whether the county has a right to maintain the condemnation proceeding.

As we view it, it is unnecessary to determine whether the city owns the land over which it is proposed to construct the public road, in either its proprietary or governmental capacity. The elementary rule is that the power of a quasi-public corporation or a public corporation to condemn property owned by a municipality does not exist unless clearly created by statute. This rule was early recognized by this court in the case of *Seattle & M. R. Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217. In that case it was held that a public service corporation could not take tide lands belonging to the state in a condemnation proceeding, for the reason that the act giving the corporation the right to condemn related only to the taking of private property, there being "no express or clearly implied authority to extend" the right further. Property acquired by a municipality which is necessary, or may reasonably be considered necessary in the future, for the use of the municipality in the performance of either its public or private functions, is not subject to condemnation unless that power has been expressly created. There must be left to the judgment and discretion of the municipal authorities the determination of the public necessity of acquiring and holding lands to be used for, and in connection with, public activities, and the courts will not interfere with the reasonable exercise of that discretion. The legislature, having conferred statutory power upon counties to condemn for county road purposes, has not gone to the extent of expressly allowing a condemnation for such purposes of the property of municipalities. In 1911, the legislature defined and provided for the construction of what are known as permanent highways (Laws of 1911, p. 118, ch. 35; Rem. Code, § 5879-1 *et seq.*), and in 1913, p. 384, § 1, gave the counties the power to construct such permanent high-

ways through the corporate limits of cities of the third and fourth classes. Rem. Code, § 5879-18. We held, in the case of *State ex rel. Floyd v. Superior Court*, 86 Wash. 410, 150 Pac. 618, that this act of 1913 was intended to be an addition to the act of 1911 and gave the counties the right to condemn property situated within cities of the third and fourth classes for the construction of *permanent highways*. This legislation would seem to indicate that the legislature recognized that no authority existed in the counties to condemn for either county roads or permanent highways, and to have chosen to expressly provide for such condemnation of the latter.

In the case we have here, we are not dealing with a *permanent highway*. The petition describes a county road, the language being: "the plaintiff by this petition seeks to acquire and appropriate the lands last above described for the purpose of constructing and maintaining thereon a public county road of Kittitas county etc." The fact that the property here sought to be condemned is outside of the corporate limits of the city is also outside of the issues of this case. Whether property is outside or inside the city's boundary is immaterial, for the reason that the city was given the power to own such property for the purpose for which this property was acquired and held. The fact that it may not have been all used for the storage of water does not warrant us in saying that it is not necessary for the purpose of a reservoir. As we understand it, a reservoir site may comprise more land than is actually necessary at the time of its acquisition, and more land than is ever actually used or is ever covered by water. The city has a right to acquire such an amount of land as it may reasonably be expected to eventually need for the purpose, which will include

such an amount as is necessary to protect the stored water from contamination and pollution.

From all the facts of the case, the court cannot say that the property sought to be condemned is not now devoted to a public use, nor that it is not necessary to satisfy the needs of the city which may be reasonably anticipated. It may well be, and probably is, true that the principal source of contamination and pollution of water stored some distance from a city's limits is that contamination and pollution which would come from the near presence of a public road, and it certainly seems that an area of thirty-nine acres is not too much to protect against such effects.

The action should have been dismissed for two reasons; first, that the law does not give the county the right to take a city's property for county road purposes by implication; such right must, if it exist, be given expressly. *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670; *State ex rel. Attorney General v. Superior Court*, 36 Wash. 381, 78 Pac. 1011; *Tacoma v. Nisqually Power Co.*, 57 Wash. 420, 107 Pac. 199; *State ex rel. Wauconda Inv. Co. v. Superior Court*, 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913 E 1076; *City of Bridgeport v. New York & N. H. R. Co.*, 36 Conn. 255, 4 Am. Rep. 69; *Little Nestucca Toll-Road Co. v. Tillamook County*, 31 Ore. 1, 48 Pac. 465, 65 Am. St. 802; *Chicago, M. & St. P. R. Co. v. Starkweather*, 97 Iowa 159, 66 N. W. 87, 59 Am. St. 405, 31 L. R. A. 183; *City of Moline v. Greene*, 252 Ill. 475, 96 N. E. 912, 37 L. R. A. (N. S.) 104; *Evergreen Cemetery Ass'n v. New Haven*, 43 Conn. 234, 21 Am. Rep. 643; *City of St. Louis v. Moore*, 269 Mo. 430, 190 S. W. 867.

And second, as a matter of fact, conceding that the county has the right to condemn municipally owned property, the evidence does not disclose that this prop-

erty is not now being devoted to a public use. The mere fact that it is not all being actually inundated does not deprive it of its protection from condemnation. The case of *State ex rel. Washington Boom Co. v. Chehalis Boom Co.*, 82 Wash. 509, 144 Pac. 719, is in nowise inconsistent with the view here expressed. In that case a second public service corporation was allowed to condemn the property of the first, for the reason that the first was merely owning the property, and, as the opinion indicates, if the first owner had any present or prospective use for the property, the condemnation would not have been allowed.

The judgment of the lower court will be reversed.

CHADWICK, C. J., MOUNT, MITCHELL, TOLMAN, and FULLERTON, JJ., concur.