[No. 16080.   Department One.   July 29, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Arthur Seaborg et al., Plaintiff,* v. THE SUPERIOR COURT FOR WAHKIAKUM COUNTY, *Respondent.*[1]

EMINENT DOMAIN (42-1)—PROPERTY SUBJECT—CONSENT OF OWNER. Where a county instituted condemnation proceedings to establish a road along the top of a dike, and the diking district appeared and consented thereto, no question arises with respect to the right of a county to condemn the property of another municipal corporation.

Certiorari to review an order of the superior court for Wahkiakum county, Back, J., entered August 10, 1920, adjudging a public use and necessity in condemnation proceedings.   Affirmed.

*Wm. P. Lord,* for relators.

*J. C. McFadden,* for respondent.

MACKINTOSH, J.—Certiorari to review an order of necessity, in a suit by Wahkiakum county for the condemnation of a right of way for a public road. The property sought to be condemned is the top of a dike in a diking district, organized by virtue of the laws of this state, and the only question to be determined is the right of the county to establish such a road.

[1]Reported in 199 Pac. 755.

The diking district and the various property owners through and upon whose property the dike is constructed were made parties to the condemnation proceeding, and the diking district appeared and consented to the establishment of the road. Several of the property owners are objecting to the condemnation for the reason, as they claim, that the county has no right to condemn property belonging to another municipal corporation, and rely upon our decision in the case of *State ex rel. Cle Elum v. Kittitas County,* 107 Wash. 326, 173 Pac. 698.

There is no question in this case but what there is a reasonable necessity for the construction of the road contemplated by this condemnation, and no question that the use for which it is being sought by the county is a different use from that to which it is now being devoted by the diking district, and that the use by the county would not be inconsistent nor in any way in conflict with the diking district's use, present or prospective. As we view it, the question of the county's right to condemn the property of another municipal corporation is not in this case, for the reason that the diking district has, through its proper officers, consented to the condemnation and has, in effect, licensed the use of its property for road purposes. This the diking district could do under the authority given its commissioners under § 4102, Rem. Code. The diking district does not own the fee of the dikes, it simply has an interest therein as provided in the diking acts, Rem. Code, § 4091 *et seq.* The case, therefore, does not fall within the rule announced in the *Cle Elum* case, *supra,* for there is not here presented the question of the power of the county to condemn in the absence of express grant of such power by statute. The consent of the diking commissioners, of course, does not absolve the

county from the necessity of condemning the land of
private property holders, and, as we view it, they have
no legal ground upon which to object to the proceeding.

The case falls within the principle announced in
*State ex rel. Kent Lumber Co. v. Superior Court,* 46
Wash. 516, 90 Pac. 663, where a right of way granted
to a city for a pole line was allowed to be condemned
for a railroad right of way, the city having consented
thereto, and it being determined that the two uses
could run together. It was there held the city could
dispose of its property, and that the interests of the
owner of the fee, after the grant of easement to the
city, were still subject to condemnation. In that case
we said:

"It is also contended that the respondent railway
company is not authorized to appropriate this land,
for the reason that it has already been appropriated
by the city for a pole line for the transmission of elec-
tricity to said city and for the further purpose of pro-
tecting its water supply. We may assume for the pur-
poses of this case, without deciding, that relator can
raise these objections. It appears, that the city has
granted its permission for a right of way to respondent
company; that the city has the power to acquire prop-
erty or to dispose of the same as the interests of the
same require. Pierce's Code, §§ 3728, 3732, 3735 . . .
§ 1 of the city charter. While the city does not own
the fee, it owns an interest in the land which may be
waived or granted to another public use (*Seattle v.
Columbia etc. R. Co.,* 6 Wash. 379, 33 Pac. 1048), sub-
ject to the rights of the owner of the fee. Whatever
rights the owner of the fee has left are subject to con-
demnation for a public use, especially where the two
uses can run together, as appears to be the case here."

The evidence disclosing that the construction of this
road is necessary, that the use to which it is to be de-
voted is not inconsistent with the interest and use of
the diking district, and that the diking district has

waived its right to object, we hold that the superior court was correct in entering its order of necessity, and the writ will be denied.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.