IN THE

# SUPREME COURT

OF

## OREGON.

[Argued April 13; Decided April 19, 1897.]

## LITTLE NESTUCCA ROAD COMPANY *v.* TIL-LAMOOK COUNTY.

(48 Pac. 465.)

EMINENT DOMAIN—PROPERTY ALREADY IN PUBLIC USE.—While it is true that property already appropriated to public use may be again seized for a different purpose of the same kind, yet this can be done only by an express provision of statute, or by necessary implication.

COMPENSATION FOR PROPERTY TAKEN FOR PUBLIC USE.—Where a person or corporation in whose behalf private property has been taken under the right of eminent domain has acquired an interest by reason of money or improvements expended on such property, compensation must be made for such interest before the property thereby affected can be appropriated to a new public use.

LOCATING PUBLIC HIGHWAY ON EXISTING TOLL ROAD.—Under the general power to lay out and establish public highways (Hill's Ann. Laws, § 4061 *et seq.*) a county court cannot locate a highway over land previously appropriated for a toll road, without rendering compensation according to law for the property: Sections 3255–3257, cited.

STATUTORY CONSTRUCTION—ROAD NOTICE—The proceeding provided by section 3256 of Hill's Ann. Laws for appropriating to public use the property of a toll road company is a hostile one, and the petition and notice required by section 4062 for locating a county road must be given as in ordinary cases.

APPROPRIATION OF TOLL ROAD—PAYMENT OF COMPENSATION.—Before a county court can appropriate a toll road to the use of the public it must pay the·compensation provided by law: Section 3256, Hill's Ann, Laws.

PLEADING—ANTICIPATING DEFENSE.—In pleading under the code system it is not necessary or appropriate to anticipate a possible defense; thus, in a suit against a county to enjoin an alleged unlawful appropriation of plaintiff's toll road, the complaint need not aver defendant's failure to pay plaintiff the amount prescribed by statute as a condition precedent to the appropriation.   Such payment is a matter of defense.

From Tillamook: HENRY H. HEWITT, Judge.

Suit by the Little Nestucca Toll Road Company against Tillamook County and another to restrain a threatened trespass on plaintiff's toll road.   A demurrer to the complaint was sustained, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Thayer* and *McCoy, W. J. May* and *Claude Thayer,* with an oral argument by *Messrs. William W. Thayer* and *W. J. May.*

For respondent there was a brief over the names of *Samuel Hayden,* district attorney, *E. E. Selph* and *T. G. Handley,* with an oral argument by *Mr. Cicero Milton Idleman,* attorney-general.

Opinion by MR. CHIEF JUSTICE MOORE.

This is a suit to enjoin a threatened trespass. The plaintiff alleges, in substance, that, having been duly incorporated for that purpose, it built at great expense, and for more than ten years last past has been the owner of, and expended large sums of

money in maintaining, the sixty foot toll road extending from the eastern boundary of said county through the town of Dolph, thence westerly along the banks of the Little Nestucca River to the Pacific Ocean, and that under the laws of this state it is entitled to demand and has been collecting tolls for travel thereon, which have been and are of great value; that, D. P. Harvey and others having petitioned therefor, the county court appointed viewers and a surveyor, who viewed and surveyed a proposed county road, as prayed for in the petition, directly along and upon plaintiff's toll road, and, the report of the viewers being favorable, the said court, on July 3, 1895, having awarded to one Wm. Baxter the sum of $25 damages on account of the opening of said road, made a pretended order that said report and the plat of the survey be recorded, and thereupon declared the line of road so viewed and surveyed a public highway, and directed the defendant, George E. Mizner, as road supervisor to open the same; that these proceedings and the pretended orders of said court are null and void, notwithstanding which Mizner threatens to and will, unless restrained, tear down and remove the gates from plaintiff's toll road, and trespass upon its property; that this pretended county road, if allowed to be opened to public travel, would be a virtual ap-appropiation of the said toll road, a nullification of plaintiff's charter, and a destruction of its franchise, and if the orders of the said court are permitted to be executed and the threats of Mizner to be performed, they will result in irreparable injury to the plaintiff, for which it has no adequate remedy at law, and

prays for a perpetual injunction to prevent the threatened mischief. A demurrer was sustained to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of suit.

Counsel for the plaintiff contend that the decision of the court was predicated upon the assumption that the county court had authority to lay out a public road directly upon the ground used and occupied by their client for its toll road. The statute authorizes a corporation organized for the construction of any macadamized, plank, or clay road to appropriate so much of any land between the termini thereof as may be necessary for its use, not exceeding sixty feet in width, and when such road is completed and fit for travel, the corporation, by giving notice thereof, has the power to make it a public highway, and upon placing gates thereon, may collect such toll as may be prescribed by the county court of the county where such road is located: Hill's Ann. Laws, §§ 3239-3249. Such a corporation is required to keep an accurate account of the moneys expended in the construction and repair of its road, including any sum paid for lands appropriated, and also to keep a like account of the tolls received and other profits, which shall be verified by the oath of its president or one of its directors, and a copy thereof deposited with the county clerk with whom the articles of incorporation are filed; and at any time after the expiration of ten years from the time of taking such tolls, it shall be lawful for the county court of any county through which the road shall pass to pay such corporation the amount of money so expended by it, and interest thereon, after

deducting the amount of tolls and other profits received by it, and thereupon the said toll road shall become the property of such county: Hill's Ann. Laws, §§ 3255-6. If the right of the county court to appropriate the plaintiff's property be based upon the general provisions of the statute relating to the method of laying out, altering, or locating county roads (§ 4061 *et seq.*) it must be admitted that the decree complained of is erroneous. Judge Elliott, in his work on Roads and Streets, in discussing this question, says: "The right of eminent domain is a dominant legislative power only called into exercise by the enactment of a valid statute, and when a party asserts a right to seize land previously appropriated to a public use, he must sustain his claim by producing a statute clearly conferring the asserted authority. It will not be presumed, in the absence of such a statute, that the legislature intended to again seize property which had been once appropriated. An act providing for the laying out of a road or street, and the assessment of benefits and damages in favor of and against landowners, will not authorize the appropriation of lands already used for public parks. Nor will an act of such a character warrant the seizure of land previously appropriated for a turn-pike." The statute prescribes the method and makes ample provisions for laying out a county road and assessing the damage resulting to those persons upon whose lands it may be established; but no provision is made in the general act upon this subject whereby a county road can be located over land already appropriated to a public use: Hill's Ann. Laws, §§ 4061-4104. The ap-

propriation of land to a public use is an exercise of
the sovereign power, which the state may delegate to
a municipal or private corporation, and land already
appropriated and used by its trustee, under the au-
thority delegated, may be taken by legislative enact-
ment for other public uses, in which case it is always
presumed that the new use is of more importance
and greater value to the public than the original ap-
propriation:   Mills on Eminent Domain, § 45; *Bal-
timore R. R. Co.* v. *North*, 103 Ind. 486 ( 3 N. E. 144).
It is a rule, however, of universal application that the
subsequent delegation of power to appropriate land
which has once been appropriated must be in express
terms, or must arise from necessary implication:  *Bos-
ton Water Power Co.* v. *Boston R. R. Corporation*, 23
Pick. 360; *Proprietors of Locks* v. *City of Lowell*, 7 Gray,
223; *Boston* v. *Lowell R. R. Co.*, 124 Mass. 368; *Provi-
dence R. R. Co.* v. *Norwich R. R. Co.*, 138 Mass. 277;
*Hickok* v. *Hine*, 23 Ohio St. 523 (13 Am. Rep. 255);
*State, etc.* v. *Montclair Ry. Co.*, 35 N. J. Law, 328; *New
Jersey R. R. Co.* v. *Long Branch Commissioners*, 39 N. J.
Law, 28; *In re City of Buffalo*, 68 N. Y. 167.

The right of the state to appropriate to a new use
property which has already been subjected by a mu-
nicipal or private corporation to a public burden
must rest upon the authority of the state to change at
pleasure its trustees and the object of its trust; but
when the trustee has an interest by reason of money
expended in the purchase of the right of way, or in
improvements made upon the property, under the
power delegated, the state must provide a method of
compensation for such interest before the property

affected thereby can be appropriated to a new use. The legislative assembly has, by statute, provided a method of acquiring the toll roads of such corporations, and prescribed the compensation to be paid for their interests on re-appropriation by the county (Hill's Ann. Laws, §§ 3239–3257), and the plaintiff, in acquiring its property, took the same with notice that its toll road might be converted into a. county road.

Counsel for the defendant insist that as the only method prescribed for acquiring the road in question was by payment of the cost of its construction, etc., under the terms prescribed by the statute, it must be presumed that the county court paid the amount of money required therefor of it, and, as this presumption is not negatived by the allegations of the complaint, the court properly sustained the demurrer. The county court of each county exercises supervision over all roads within its borders, and all applications for laying out, altering or locating county roads shall be by petition to the county court of the proper county: Hill's Ann. Laws, §§ 4061, 4062. Section 3256 of the Code does not make a petition to the county a prerequisite to the exercise of the right to appropriate the road of a private corporation, but, after the corporation has enjoyed the privilege of collecting tolls for a period of more than ten years, a proceeding to appropriate its property by the county court may be instituted ; and, as such method must necessarily be a transaction *in invitum*, it would seem to follow that section 3256 should be construed *in pari materia* with section 4062, in which case a petition and notice of some kind, at least, are requisite to confer upon the

county court jurisdiction to appropriate the toll-road of a private corporation within its territory.

The complaint alleges that upon the petition of D. P. Harvey and others the county court of Tillamook County made a pretended order establishing a county road directly along and upon plaintiff's said toll road, but the pleading does not state that any notice of the application was ever given, or that any sum was ever paid to the plaintiff as a compensation for the loss of its property and franchise. It is true the complaint alleges that the sum of $25 was awarded to one William Baxter as damages, etc., but it does not appear that there was any privity between this person and the plaintiff. If the want of notice be deemed immaterial, the payment of the amount prescribed by the statute (section 3256, Hill's Ann. Laws) is certainly a condition precedent to the right of the county court to appropriate this toll road, and this presents the question whether the complaint should have alleged a neglect in this respect. The rule is general that the plaintiff is under no legal obligation to the adverse party to advise him of the defense he should interpose, and under this rule the complaint in code pleading ought not to anticipate or negative a possible defense (Boone on Code Pleading, § 11; Bliss on Code Pleading, § 200; 4 Ency. Pl. and Prac., 614), and a condition which qualifies or defeats the plaintiff's suit, being a condition subsequent, may be safely ignored by him in the pleading: 4 Ency. Pl. and Prac., 628. A statement of these facts, which might be deemed a condition subsequent as to plaintiff's right of suit, must be considered a condition precedent to the de-

fendant's right of appropriation, and under the rules hereinbefore announced it would seem to be the duty of the latter to plead the statute and the performance of its conditions as a foundation for its defense. The plaintiff was under no legal obligation to set out these facts in its complaint, an examination of which leaves us in doubt as to whether the alleged attempt of the county court to acquire this property was made under the general statute or by virtue of the special provisions for the appropriation of toll roads; but in any event we think it was the duty of the defendant to raise this question by answer. The demurrer must therefore be overruled, the decree reversed, and the cause remanded for such further proceedings as may be deemed just and proper, not inconsistent with this opinion.

REVERSED.

[Argued April 19; decided May 1, 1897; rehearing denied.]