PARN KIRKPATRICK, Appellee, v. AETNA LIFE INSURANCE
COMPANY, Appellant.

**Appeal:** EVIDENCE: PRESUMPTION.   In so far as there is a conflict in
the evidence the version of the successful party will be taken as
true on the appeal.

**Insurance:** CONSTRUCTION OF POLICY.   In the construction of an insur-
ance policy it will be given an interpretation most favorable to
the insured.

**Accident insurance:** SELF INFLICTED INJURY: PRESUMPTION: BURDEN
OF PROOF.   In a suit upon an accident policy exempting the insurer
from liability for self inflicted injuries, it will not be presumed
that the injuries were self inflicted; or, under the facts of the
instant case, that they were other than accidental; but the burden
is upon the insurer to show its nonliability on this ground.

**Accident insurance:** CONSTRUCTION OF POLICY.   An insured attempted
to pass over a platform and thus through a train while standing
across a public street, and when alighting a sudden jerk of the
car threw him to the ground and while in that position one of
his arms was run over.   *Held,* not to present a state of facts
within the provisions of an accident policy absolving the company
from liability for injury while entering, or trying to enter, or
leaving a moving car, or while at a place in or upon a railway or
other conveyance not provided for the use of passengers during
transit; as the plaintiff was not a passenger, and the jury found
he was not entering or leaving, or trying to enter or leave a
moving train.

**Same:** CAUSE OF INJURY.   Even though insured was at a place where
he was not permitted to be under the terms of his policy, to
defeat recovery it was necessary for the insurer to show some
causal relation between that fact and the injury.

Same: INSTRUCTIONS.  Refusal to charge that if the injury resulted
6 from plaintiff's act in leaving a moving conveyance the verdict
    should be for defendant was not erroneous, where it did not plead
    exemption from liability because plaintiff was on the platform
    of the car and in a place not provided for passengers during
    transit, and that such act contributed to the injury.

*Appeal from Poweshiek District Court.*—HON. BYRON W.
PRESTON, Judge.

FRIDAY, OCTOBER 30, 1908.

REHEARING DENIED TUESDAY, JANUARY 26, 1909.

ACTION upon a policy of accident insurance.  Trial
to a jury.  Verdict and judgment for plaintiff, and de-
fendant appeals.—*Affirmed.*

*Carr, Hewitt, Parker & Wright, J. P. Lyman* and
*W. C. Rayburn,* for appellant.

*Norris & Norris* and *W. R. Lewis,* for appellee.

DEEMER, J.—The policy of insurance issued by de-
fendant to plaintiff on or about January 22, 1906, covered
death or injuries to plaintiff through external, violent and
accidental means, and, among other things, contained these
provisions and conditions:

If injuries are sustained by means as aforesaid (1)
while the insured is riding as a passenger and being ac-
tually in or upon any railway passenger car using steam,
cable or electricity, as a motive power, or (2) while riding
in a regular passenger elevator, or (3) while traveling as
a passenger and on board a steam vessel of any regular
line for the transportation of passengers, or (4) in con-
sequence of the burning of a building in which the insured
shall be at the commencement of the fire, the amount to
be paid shall be double the sum specified in the section

under which claim is made, subject to all the conditions of this policy. This insurance does not cover disappearance nor suicide; nor in the event of accident or death, loss of limb, or sight or disability resulting, wholly or partly, directly or indirectly, from bodily or mental infirmity, or disease in any form; nor from sleep walking, medical or surgical treatment, war, or violating the law; nor from injuries intentionally inflicted upon the insured by himself; nor does it cover (except as incident to occupation of railway employees) entering or trying to enter or leave moving conveyances using steam or electricity as motive power (except cable and electric street cars) being in any place in or on such conveyance which has not been provided for the occupation of passengers during transit, or being upon any railroad bridge or right of way, except at established crossings of such roads with public highways. Section 9 above shall not apply to accidents happening while the insured is boarding or alighting from, or is upon the steps of any public conveyance referred to herein.

Plaintiff claims that he accidentally lost his arm between the wrist and elbow while attempting to pass through a train in the city of Grinnell, and his account of how it occurred is substantially as follows: He says that a train on the Iowa Central Railway Company came into the city of Grinnell, and stopped at its depot in that city, where it was to wait for something like twenty minutes while its passengers took supper; that this train stood over and across a public street, along and over which plaintiff desired to pass; that, in order to reach his destination, he mounted one of the platforms of a car which made up the train, went to the steps on the other side, and that while he was in the act of alighting, with one hand ahold of an iron handhold on the car and one foot upon or nearly upon the ground, the train suddenly started backward, throwing him to the ground with one arm across a rail of the track, resulting in a car wheel passing over the same, and inflicting the injuries of which he complains. Defendant claimed that the insurance was fraudulently obtained,

that the injuries were self inflicted, and that as plaintiff was injured while leaving a moving conveyance using steam as a motive power, and lost his arm while at a place on such conveyance which had not been provided for the occupation of passengers during transit, plaintiff could not recover. The case was submitted to a jury under these issues, resulting in a verdict for plaintiff.

Several propositions are relied upon for a reversal, and, in the discussion of such as are deemed controlling, it must be remembered that, in so far as there was a

1. APPEAL: evidence: presumption.

conflict in the testimony, plaintiff's version of the affair must be treated as the truthful one, and that theory of the case most favorable to him must be accepted. For this reason, we must assume that plaintiff at the time he received his injuries was not violating the law in attempting to alight from a moving train.

Moreover, in construing the policy of insurance, we must give it that interpretation most favorable to plain-

2. INSURANCE: construction of policy.

tiff, for the oft-repeated reason that defendant selected its own language in writing its policy, and, if there be doubt or ambiguity in its construction, it must be resolved in plaintiff's favor.

Again, it will not be presumed that the injuries were self-inflicted, or that under the facts shown they were otherwise than accidental. So that we must find that

3. ACCIDENT IN-SURANCE: self-inflicted in-jury: presump-tion: burden of proof.

plaintiff's version is correct, and that the injuries were accidental. The burden was upon the defendant to show that they were self-inflicted, or that it is not liable because of some condition of its policy. *Sutherland v. Insurance Co.*, 87 Iowa, 505, *Jones v. Accident Ass'n*, 92 Iowa, 652; *Prader v. Accident Ass'n*, 95 Iowa, 149; *Goodwin v. Provident Co.*, 97 Iowa, 226.

The main proposition relied upon by defendant for a reversal may best be presented by copying an instruction

asked by it, which reads as follows: "If you find from the evidence that the injury sustained by plaintiff and for which he seeks to recover resulted, wholly or partly, directly or indirectly, from the act of plaintiff in leaving a moving conveyance using steam as a motive power, then and in the event you so find, your verdict should be for the defendant";—and a consideration of an instruction given by the court, which reads in this wise: "You are further instructed, however, as to the matter referred to in the last instruction, that if at the time or just before plaintiff was hurt he went upon the platform of the car in question for the purpose of crossing over the platform, and that the car was not then in motion, and while on the platform, or on the steps thereof, there was a movement of the train and car which jerked or threw plaintiff off, and caused his arm to go under the wheels, and that it was not the purpose of the plaintiff to get off the car while in motion, then and in that event it could not be said that he was getting off a car in motion. Or if you find from the evidence that the plaintiff in crossing or attempting to cross the platform of the car in question, stepped off the platform or steps, and had one or both feet on the ground, or was in the act of alighting, and was off the car before the same was in motion, or so far off when the movement of the car began as that he could not recover himself and prevent getting off, then and in that event plaintiff could not be held to be getting off a car in motion. Before plaintiff can be said to have been getting off a car in motion, it must appear that it was plaintiff's intention and purpose to get off when the car was in motion, and he must have so gotten off." As already intimated, we must hold, in view of the verdict returned, that plaintiff was not attempting to alight from a moving train.

But defendant's counsel contend with much plausibility that the instruction asked should have been given,

and that plaintiff was not entitled to recover, for the reason that he was injured by reason of his leaving a moving conveyance using steam as a motive power, and as a result of his being in a place on such conveyance which had not been provided for the occupation of passengers during transit, to wit, upon the platform of a coach.   In this connection it must be remembered that plaintiff was not a passenger upon the railway train, nor was he at the time he attempted to alight upon a moving conveyance.   According to his version, he was passing through the train which blocked a public street, and the train was not moving when he attempted to get off the platform.   The burden was upon the defendant to show that plaintiff was violating the conditions of the policy at the time he was injured. Defendant's contention calls for a construction of the language of the policy creating these conditions.   Its counsel say that these cover plaintiff's presence upon the steps or platform of the railway coach without reference to whether the train was moving or standing still.   Remembering the rule already announced for the construction of life or accident insurance policies, we now go directly to these conditions, and, after a careful consideration of the same, are constrained to hold that, as applied to the facts of this case, defendant's contention can not be sustained. Plaintiff was not, according to the finding of the jury, entering or trying to enter or leaving or trying to leave a moving conveyance using steam as a motive power.   It is true that just before his injury he was upon the platform or steps of a car which were not provided for the occupation of passengers during transit; but he was not in that place or upon such conveyance when injured.   The manifest thought of these conditions is to absolve the defendant from liability when the assured is entering or trying to enter or to leave a moving conveyance, or while he was at the time of injury at a place in or upon a railway or other conveyance not provided for the use of passengers

during transit. The policy was intended to cover accidents resulting to passengers upon moving trains except when boarding or alighting from or upon the steps of the conveyance, and to all others save when they are in a place in or on such conveyance not provided for the occupation of passengers during transit. A consideration of the whole of these conditions leads to the conclusion that defendant is liable unless plaintiff's injuries were received while he was entering, or attempting to enter or to leave, a moving conveyance, or while he was in a place in or upon the car not provided for the use of passengers during transit.

Conceding arguendo that plaintiff had been at a place upon the car not provided for passengers during transit, to wit, upon the platform or steps, he was not when injured in that position. As to passengers, the proper construction of the conditions of the policy no doubt is that it does not cover accidents while they are boarding or alighting from trains or upon the steps of a coach; and, as to those who are not passengers, it does not cover accidents while they are entering or trying to enter or to leave moving trains, or while in a place in or on such conveyance not provided for passengers during transit. The steps and platforms of passenger cars are provided for passengers when they are not in motion, affording ingress and egress thereto and therefrom, and being upon the platform or steps is not necessarily at a place where passengers have no right to be during transit.

**4. ACCIDENT INSURANCE: construction of policy.**

Conceding arguendo that plaintiff had been at a place where by the terms of the policy he was not permitted to be, and where had he been injured there would have been no right of recovery, still it would be necessary for defendant to show some causal relation between this fact and the injury which he received. *Jones v. Accident Ass'n, supra.* Had the

**5. SAME: cause of injury.**

train remained standing, the injury could not possibly have been received. The immediate cause of the injury was the moving car wheel passing over plaintiff's arm, and the more remote, yet still the proximate, cause was the sudden jerk of the train. True, the accident might not have happened had plaintiff not been upon the steps of the car. Nor would it have happened had the train not been across the street, but these latter matters were conditions rather than causes, and they are not the conditions referred to in the policy in suit. The conditions in the policy have reference to two things: First, plaintiff's conscious act in entering or attempting to enter, or to leave a moving conveyance; and, second, his being at a forbidden place when injured, to wit, upon the steps or platform of a railway coach. This is the only fair construction which can be placed upon the policy, and, if plaintiff was not at the forbidden place when injured, the fact that he had been there at some other period is not material to this phase of the case. Take the *Jones* case, *supra*, as an example. There the assured was violating the law, and he would not have been shot had he not been at a house of ill fame for immoral purposes. He was shot while there, but there was no such causative connection between the shooting and his violation of the law as prevented recovery. So in this case the provision of the policy covers an injury received at a certain place; and the proof, in order to defeat recovery, must show that plaintiff was at that forbidden place when injured.

As a further and conclusive answer to the argument of defendant's counsel, it should be said that nowhere in its answer does it plead that it is absolved from liability 6. SAME: because plaintiff had been at a place upon instructions. the car where passengers had no right to be during transit, and that this either directly or indirectly caused or contributed to his injury. The proposition now presented seems to be an afterthought, and might well be ig-

nored in our consideration of the case. At any rate, the trial court did not err in refusing defendant's request for an instruction with reference to this matter. We are not, of course, to discuss the merits of the case or to pass judgment upon plaintiff's right to recover. These were questions for the jury, and with its finding the parties must be content.

We find no prejudicial error; and the judgment must be, and it is, *affirmed*.