Argued April 15, decided April 22, 1913.

# MARTIN v. NATIONAL LIVESTOCK INSURANCE ASSOCIATION.

### (131 Pac. 511.)

**Insurance—Pleading—Insurable Interest.**
1. In an action on an insurance policy upon a horse, an averment in the complaint that plaintiffs were at all times owners and in possession of the horse from a period over nine months before the date of the issuance of the policy until the death is a sufficient allegation of an insurable interest at the date of the contract and at the time of the loss.

  [As to what is insurable interest in property, see notes in 7 Am. Dec. 42; 20 Am. Dec. 510.]

**Insurance—Pleading—Anticipating Defenses.**
2. In an action upon an insurance policy idemnifying plaintiffs from loss of a horse by death from disease and every other casualty, a complaint merely averring that the horse died from disease is sufficient, even though the policy contained a stipulation exempting the insurer from liability where the animal is killed by civil authority, and the state statutes authorized the killing of certain diseased animals, for this is only a defense which a plaintiff is not bound to anticipate.

From Polk: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by John E. Martin and Mark Blodgett, partners as Martin & Blodgett, against the National Livestock Insurance Association, an Oregon corporation, to recover the amount of an insurance policy issued November 11, 1910, in consideration of the payment of $90, and indemnifying plaintiffs in the sum of $1,000 against loss by death within a year of a black stallion, nine years old, named Priam, "from disease, fire, lightning, tornadoes, cyclones and every other casualty which necessitates the death of any animal upon which insurance is herein provided, when in the event all due care shall have been taken to save the life of such animal and nothing shall have been done to endanger the same by the insured, his agents or employees." Nearly all the averments of the complaint are admitted by the answer, which latter pleading sets forth facts as a separate defense. The allegations of new matter in the answer were denied by the reply, whereupon the cause was tried, resulting in a verdict and judgment for plaintiffs as demanded in the complaint, and the defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Sweek, Fouts & Shelton,* and *Mr. Lott D. Brown,* with an oral argument by *Mr. E. O. Stadter.*

For respondents there was a brief with oral arguments by *Mr. Oscar Hayter* and *Mr. John A. Carson.*

MR. JUSTICE MOORE delivered the opinion of the court.

The only error assigned is that the complaint does not state facts sufficient to constitute a cause of action,

and hence no judgment could be based thereon. It is argued that the plaintiffs failed to allege a right of action in themselves.

1. The complaint in this particular reads as follows: "That at all times between the 9th day of February, 1910, and the death of the stallion hereinafter mentioned, and at said time, the plaintiffs were the owners of a certain stallion named 'Priam,' and that during all of said time said stallion was in the possession of said plaintiffs in Polk County, State of Oregon." When it is remembered that the policy was issued November 11, 1910, or nine months and two days after the complaint impliedly stated that the plaintiffs became the owners of the animal, the primary pleading conclusively indicates a right of action in the parties who maintain it. The complaint sufficiently shows that the plaintiffs had an insurable interest in the property when the contract of indemnity was made, and also at the time of the death of the horse, and such averment was sufficient: *Chrisman* v. *State Ins. Co.,* 16 Or. 283 (18 Pac. 466); *Hardwick* v. *State Ins. Co.,* 20 Or. 547 (26 Pac. 840).

2. It is insisted that the complaint fails to aver that the death of the animal resulted from one of the particular perils against which the assured were indemnified. The initiatory pleading in this particular reads as follows: "That on the 14th day of November, 1910, in Polk County, State of Oregon, the said stallion died from disease." It will be kept in mind that the indemnity guaranteed by the policy was against loss by death *inter alia* "from disease." This was one of the hazards enumerated. The averment last quoted brought the case within the specifications, and the complaint in that particular was sufficient. A stipulation on the back of the policy, as far as material herein, reads: "This association will not indemnify or incur any liability for loss of any animal caused directly or

indirectly by invasion, insurrection, riot, war or any uprising necessitating martial law, or any other usurpation or order of any civil authority, or when such animal is killed or destroyed by an officer or by order of any civil officer or civil authority.''

The statute provides generally that in all cases of contagious, infectious or communicable diseases of a dangerous or incurable type that may exist in this state among domestic animals, excepting sheep, it is the duty of the state or county veterinarian to cause the destruction of such animals: L. O. L., § 5649. Any animal that is thus affected shall possess no property value, and may be condemned and destroyed by the state or county veterinarian without compensation to its owner: L. O. L., § 5652. Relying upon these provisions, the defendant's counsel contend that it was incumbent upon the plaintiff to aver in the complaint that the death of the stallion did not result from any of the causes specified in the policy or the statute; but, having failed to do so, the initiatory pleading did not state facts sufficient to constitute a cause of action. The plaintiffs were under no obligation to anticipate a possible defense by alleging in the complaint that the death of the animal did not result from any of the causes specified: *Little Nestucca Road Co.* v. *Tillamook County,* 31 Or. 1 (48 Pac. 465, 65 Am. St. Rep. 802). It is not averred even in the answer that the loss of the property was occasioned by any of the causes to which reference has been made.

The complaint was adequate in all particulars; and, this being so, the judgment is affirmed.

AFFIRMED.