Argued December 5, decided December 23, 1913.

## YOCOM *v.* CITY OF SHERIDAN.*

(137 Pac. 222.)

**Bridges—Definition—Approaches.**

1. The word "bridge" has generally been construed to mean the structure spanning a hollow, which was erected as a means of.crossing a deep gap, and includes the approaches whereby a passageway to, from and across the bridge is acquired.

> [As to approaches as part of bridge, see note in Ann. Cas. 1912B, 792.]

**Bridges—Maintenance—Duty of State.**

2. The obligation to build and maintain adequate public highways, including bridges, devolves primarily upon the state, which, unless

---

*As to the liability of a county or town for torts and negligence as to approach to bridge, see note in 39 L. R. A. 33. And upon the liability of a county or town for injury by unguarded approach to bridge, see note in 42 L. R. A. (N. S.) 275.    REPORTER.

prohibited by the fundamental law, may itself discharge the trust, or delegate it to a municipal or *quasi*-municipal corporation.

#### Highways—Use for Travel—Rights of Public.

3. A highway, whether laid out as a rural road, under the jurisdiction of a County Court, or as a city street, subject to the control of a common council, so far as it subserves the easement of passage and its incidents, is free and at all times controlled by legislative authority.

#### Bridges—Legislative Authority.

4. The legislative assembly, in the absence of constitutional restriction, may grant the supervision and control of city streets, including bridges thereon, to some other governmental agency than the city, so long as the way is not diverted to a use inconsistent with, or substantially different from, that originally designed, and the change imposes on the municipality no debt incurred by another.

#### Bridges—Public Improvements—Authority to Make.

5. Under the charter of the town of Sheridan (Laws 1880, p. 146), Section 5, providing it shall not be liable to build or replace with a new one any bridge across the Yamhill River, and the charter of the City of Sheridan (Laws 1891, p. 386), Section 133, as amended by Laws 1895, page 247, giving the city control of all streets, bridges, and roads within the corporate limits except the bridge over the Yamhill River at Bridge Street, which bridge shall be the property of the county, the county is obliged to maintain the bridge excepted, and the common council of the city has no authority to assess property holders for the expense of rebuilding the approaches.

#### Bridges—Streets—Supervision—Legislative Authority.

6. Whether or not a county road ceases and becomes a street when a city is incorporated, the legislative assembly, treating the way as public, may impose the burden of maintaining a bridge thereon on the county.

#### Bridges—Maintenance—Liability of County.

7. The city charter of Sheridan (Laws 1891, p. 386), Section 133, as amended by Laws 1895, page 247, gives the city control of all streets, bridges and roads within the corporate limits, except the bridge over the Yamhill River, and gives the city authority to collect road taxes from its inhabitants and on the property situate therein. Section 937, subdivision 4, L. O. L., gives the County Court of each county authority to provide for the erection and repairing of public bridges on any highway established by public authority. Section 6366 provides that the expense of building or repairing bridges is to be liquidated from any money in the county treasury not otherwise appropriated. Section 6326, prior to its repeal by Laws 1913, page 105, provided for the collection of ordinary road or poll taxes by counties. *Held*, that the provision of the city charter authorizing the City of Sheridan to collect road taxes did not relieve the county of its duty to maintain the bridge across the Yamhill and its approaches.

Bridges—Maintenance—Liabilities of County.

8. A provision in the city charter of Sheridan (Laws 1891, p. 373), Section 57, as amended by Special Laws 1901, page 209, exempting the city from liability for an injury from any defect in any bridge unless the city had actual notice thereof and a reasonable time to repair it, does not absolve the county from the duty of maintaining the approaches to a bridge which the charter expressly excepts from the control of the common council and places under the control of the County Court.

From Yamhill: WILLIAM GALLOWAY, Judge.

Department 1.    Statement by MR. JUSTICE MOORE.

This is a suit by Allyn Yocom, John Auer, W. Tyler Smith, J. T. Woods, O. P. McLaughlin, and E. L. Knickerbocker, as administrator with will annexed of the estate of Elizabeth Aiken, against City of Sheridan and Joseph F. Scott as marshal of the City of Sheridan to enjoin the sale of real property for an alleged delinquent street assessment. The facts are that in the year 1910, the County Court of Yamhill County caused to be rebuilt the main span of a bridge across the Yamhill River at Bridge Street in the City of Sheridan. Thereafter the entrances of the bridge becoming out of repair and the County Court refusing to put them in condition, the common council of Sheridan, in the manner prescribed for making street improvements, caused the approaches to be rebuilt at an expense of $2,326.58, and assessed the cost thereof upon the abutting property of the plaintiffs. The sums so charged were entered in the docket of the city liens, but, not having been liquidated, the defendant Joseph F. Scott, as city marshal, was proceeding to collect the same by sale of the lands, whereupon this suit was instituted. The case being at issue was tried, resulting in a decree dismissing the suit, and the plaintiffs appeal.                              REVERSED.

For appellants there was a brief over the names of *Messrs. McCain, Vinton & Galloway,* and *Messrs.*

*Simpson & Lewis,* with oral argument by *Mr. James McCain* and *Mr. W. T. Vinton.*

For respondents there was a brief and an oral argument by *Mr. W. O. Sims.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is maintained by plaintiffs' counsel that the approaches to the bridge are a part of that structure, the erection and maintenance of which are enjoined by law upon Yamhill County; that the City of Sheridan has no authority to assess abutting property for any part of the expense of constructing the approaches, and, such being the case, errors were committed in dismissing the suit and in failing to grant the relief sought.

Section 133 of the present charter of Sheridan (Laws 1891, p. 386), as amended by an act of the legislative assembly approved February 12, 1895, reads: "The said City of Sheridan to have control of all the streets and bridges and roads within the corporate limits of said city, except the bridge (over) the Yamhill River at Bridge Street in the City of Sheridan, said bridge to be the property of the county of Yamhill, State of Oregon, and the inhabitants of said city within said limits, and all property therein shall be exempt from the payment of road taxes of any and every kind to the county of Yamhill, State of Oregon, and the city marshal, under the direction of the city council, is hereby invested with the sole power of collecting annually from each male inhabitant of said city within said limits between twenty-one and fifty years of age, except a public charge or active or exempt fireman and persons who are too infirm to perform labor, the sum of three dollars as a poll tax; provided, that any person in lieu of paying three dollars may do two

days' work on the streets of the said city, at such a time and place as the marshal may direct. All taxable property within said limits shall be liable to assessment for the road or street work in the ratio of one day's work for each and every thousand dollars; provided, that any person may in lieu of each day's work pay to the city marshal the sum of one dollar and fifty cents. The marshal in said city is hereby authorized to collect said road tax and assessment for road and street work, and for that purpose shall possess the same power and authority and have the remedy granted by the general laws of the state to road supervisors for collection of road taxes. The common council shall by ordinance fix the time within which the said tax and assessment shall be collected": Laws Or. 1895, p. 247.

Section 57 of the charter as amended February 11, 1901, authorizes the council to lay out, establish, vacate, widen, extend, and open streets or parts of streets, but the city shall not be liable to damage to any person for an injury which he may sustain by reason of a defect in any bridge, unless the city shall have had actual notice of such defect and a reasonable time to repair the same: Special Laws 1901, p. 209.

It is maintained by defendant's counsel that these clauses of the charter evidence an intention on the part of the legislative assembly to place upon the city the obligation to build and maintain the approaches, for which purpose the power to levy and collect road taxes from persons residing in and from property situate within the municipality, is given to it, and that when the span of the bridge was built across the channel of the river by the county it had discharged the whole duty devolving upon it.

1. The word "bridge" has generally been construed to mean the structure spanning a hollow which was erected as a means of crossing a deep gap, and includes

the approaches whereby a passageway to, from, and across the bridge is acquired: 1 Words & Phrases, 871, and cases cited: 4 Am. & Eng. Ency. of Law (2 ed.), 919; 5 Cyc. 1052; *Savannah, Florida & W. R. Co.* v. *Daniels,* 90 Ga. 608 (17 S. E. 647, 20 L. R. A. 416).

2. The obligation to build and maintain adequate public highways, including bridges to be erected thereon over ravines or other obstructions to travel, devolves primarily upon the state, which sovereignty, unless prohibited by the fundamental law, may itself discharge the trust, or delegate the duty to a municipal or a *quasi*-municipal corporation: Cooley, Con. Law (6 ed.), 725; *Bank of Idaho* v. *Malheur Co.,* 30 Or. 420 (45 Pac. 781, 35 L. R. A. 141).

3. Whether the laying out or opening of a rural road is under the jurisdiction of a County Court, or the establishing or maintaining of a city street is subject to the control of a common council, such highways, so far as they subserve the easement of passage and its incidents, are free and at all times controlled by legislative authority: Elliott, Roads and Streets (3 ed.), §§ 25, 511; *East Portland* v. *Multnomah Co.,* 6 Or. 62; *Multnomah County* v. *Sliker,* 10 Or. 65; *Little Nestucca T. R. Co.* v. *Tillamook County,* 31 Or. 1 (48 Pac. 465, 65 Am. St. Rep. 802).

4. The streets of a city are not its private property, but they are for the use of the public, whose general agent is the legislative assembly, which, in the absence of any constitutional restriction, has paramount authority over such highways, including bridges thereon, and may grant the supervision and control thereof to some other governmental agency, so long as the way is not diverted to a use inconsistent with or substantially different from that which was originally designed, provided, however, that the change is not intended to impose upon one municipality a debt incurred by another: *Portland etc. Ry. Co.* v. *Portland,*

14 Or. 188 (12 Pac. 265, 58 Am. Rep. 299); *Simon* v. *Northup,* 27 Or. 487 (40 Pac. 560, 30 L. R. A. 171). In construing the provisions of organic acts of Medford, Mr. Justice BEAN, in *Bowers* v. *Neil,* 64 Or. 104, 109 (128 Pac. 433, 435), says:

"A county government is an arm of the state, so also is a city, acting in its public governmental capacity; and at the time of the enactment of the several charters referred to the legislature had power to impose upon a county the duty of building, maintaining, and repairing a bridge, on a county road within the limits of a city of the county."

5. The town of Sheridan was originally incorporated October 25, 1880. Section 5 of that charter contained a clause as follows: "Provided that said town shall not at any time be liable to build or replace with a new one, any bridge across the Yamhill River within the limits of said town": Laws Or. 1880, p. 146. The section referred to was amended October 17, 1882, but no material change was made in the language last quoted: Laws Or. 1882, p. 96. The charter was again amended February 18, 1891; Section 133 thereof being as follows: "The said City of Sheridan to have control of all streets and bridges and roads within the corporate limits of said city except the bridge across the Yamhill River at Bridge Street in the City of Sheridan, said bridge to be the property of the county of Yamhill, State of Oregon": Laws Or. 1891, p. 361.

6. The next amendments of the charter were made February 12, 1895, and February 11, 1901, as first hereinbefore quoted and the substance thereof stated. From the provisions of the fundamental law of that city it is fair to presume that when Sheridan was originally incorporated there then was within the boundaries of the municipality a bridge that had been constructed by Yamhill County on a county road crossing the river, which bridge has subsequently been

maintained by the *quasi* corporation that built it. Whether or not such county road ceased and thereupon became a street when Sheridan was incorporated is unimportant, for the legislative assembly, treating the way as public, had the right to impose the burden of maintaining the bridge upon the county.

7. Nor is that *quasi* corporation relieved of the duty in this respect because the City of Sheridan is authorized to collect road taxes from persons residing within the municipality, and from property situate therein. The County Court of each county has authority to provide for the erection and repairing, within the county, of public bridges upon any road or highway established by public authority: Section 937, subd. 4, L. O. L. The expense incurred in building or repairing bridges is to be liquidated from any money in the county treasury not otherwise appropriated: Section 6366, L. O. L. The money thus paid out is not obtained by the collection of ordinary road or poll taxes, authorized by Section 6326, L. O. L., prior to the repeal thereof, February 19, 1913, and which section was in force when the approaches were built: Laws Or. 1913, p. 105. Yamhill County was therefore obliged to build and maintain the bridge and the approaches at the place indicated, notwithstanding the structure may have been rebuilt on a city street that had once been a county road: *Heiple* v. *East Portland,* 13 Or. 97, (8 Pac. 907); *Simon* v. *Northup,* 27 Or. 487 (40 Pac. 560, 30 L. R. A. 171); *Bowers* v. *Neil,* 64 Or. 104 (128 Pac. 433).

8. The amendment of the charter approved February 11, 1901, exempting Sheridan from liability for an injury sustained by reason of a defect in any bridge, unless the city had actual notice thereof and a reasonable time to repair the same, does not in express terms relate to the bridge in question. It is reasonable to suppose that there are other bridges within the limits

of the city, and this clause of the charter does not absolve the county from a performance of the duty imposed by the legislative assembly upon it. The bridge approaches being thus taken out of the jurisdiction of the City of Sheridan, the common council thereof had no authority to impose upon the property of plaintiffs an assessment for any part of the improvements involved herein.

It follows from these considerations that the decree should be reversed and one entered granting the relief prayed for in the complaint; and it is so ordered.

REVERSED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.