Argued January 13, affirmed January 26, rehearing denied February
23, 1915.

# BRIDAL VEIL LUMBERING CO. v. PACIFIC COAST CASUALTY CO.

## (145 Pac. 671.)

**Insurance—Actions on Policies—Pleading and Proving Exceptions.**

1. In an action on an employers' liability insurance policy, which
excepted losses resulting from certain causes, the burden was on the
insurer to allege and prove that the loss was one excepted by the
policy.

**Insurance—Employers' Liability—Negligence of Insured.**

2. Under Employers' Liability Act (Laws 1911, p. 16), providing
that all owners, contractors, etc., engaged in the construction, repair,
etc., of any building or other structure or in the erection or operation
of machinery, shall see that all material, etc., shall be carefully
selected and inspected, and that all scaffolding, staging or other struc-
tures, more than 20 feet from the ground or floor, shall be provided
with a strong and efficient safety rail or other contrivance to prevent
persons from falling therefrom, where the proprietor of a sawmill

maintained a flume for floating lumber, which in places was more than 20 feet above the ground, and alongside which was a plank walkway maintained for employees to walk on when working on or about the flume, it was its duty to provide a safety rail or other contrivance to prevent persons from falling therefrom, as, while the flume itself would serve as a railing on one side, it would not serve as a safety rail upon the other side, and hence the employer could not recover on an employers' liability insurance policy, which provided that it did not cover accidents if insured had failed to comply with any rule relative to safeguarding machinery and places of work.

### Stipulations—Construction—Actions for Injuries—Evidence.

3. In an action on an employers' liability insurance policy, a stipulation of facts stating that an employee, while acting in the course of his employment and working on a lumber flume, accidentally fell from a walkway alongside the flume, warranted a finding that the employee was properly on the walk and engaged in the performance of his duty at the time of the injury.

### Insurance—Employers' Liability Insurance—Risks Covered.

4. Under an employers' liability insurance policy providing that it did not cover any accident if the insured failed to comply with any law relative to safeguarding machinery and places of work, insured's violation of the law did not exempt the insurer from liability, unless an injury to an employee was due to such violation.

From Multnomah: GEORGE E. DAVIS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by the Bridal Veil Lumbering Company against the Pacific Coast Casualty Company, on an employers' liability insurance policy to recover the sum of $2,750. The cause was tried before a jury mainly upon a stipulation of the facts. A verdict was rendered in favor of the defendant. From a judgment rendered thereon, the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. A. R. Watzek, Messrs. Platt & Platt* and *Mr. Palmer L. Fales,* with an oral argument by *Mr. Watzek.*

For respondent there was a brief over the name of *Messrs. Wilbur & Spencer,* with an oral argument by *Mr. Schuyler C. Spencer.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant, a California corporation, engaged in the accident insurance business in the State of Oregon, in consideration of a premium paid by the plaintiff, issued to the latter an employers' liability insurance policy covering the sawmill and other parts of the plaintiff's plant at Bridal Veil, Oregon, and insuring against loss or expense arising from claims upon it for damages on account of bodily injuries accidentally suffered or alleged to have been suffered by any employee of the plaintiff by reason of the prosecution of the work described in the policy. Condition H of the policy, containing an exception, reads as follows:

"This policy does not cover accidents to or caused by any minor employed in violation of law, nor any accident if the insured has not in force a certificate of inspection from the state labor commissioner, or has failed to comply with any law relative to safeguarding machinery and places of work."

On February 11, 1912, during the term of the policy, Joe Stricklewich, an employee of the plaintiff at its sawmill and box factory, while working on a lumber flume, in the course of his employment fell from a walkway alongside the flume or trough and was injured. Afterward the injured man brought an action against the Bridal Veil Lumbering Company to recover damages in the sum of $25,000 for the injuries sustained. The defendant, the Pacific Coast Casualty Company, undertook the defense of the action as required by the terms of the policy, reserving, however, all its rights, and refusing to pay any judgment which might be recovered against the Bridal Veil Lumbering Company in that action, upon the ground that the Pacific Coast Casualty Company claimed that under

the exception to the policy, above quoted, it was not liable to the lumbering company for any judgment that might be recovered, for the reason that such company was operating its sawmill and plant in violation of law, and that the injury to Stricklewich was caused by the fact that the plaintiff was not complying with the law of the State of Oregon, to wit, the Employers' Liability Act, in failing to guard with a railing the walkway from which the employee fell. The plaintiff's sawmill is located some distance from the railroad by which it ships lumber when ready for market. In order to convey the lumber from the sawmill to the point where it can be loaded upon the cars, the company has constructed around the mountainside a large flume or trough into which water is allowed to enter at the sawmill, and the lumber is floated down this flume. It varies in height in different places in its course, and at the particular place where Stricklewich fell and received his injury it was 50 feet above the ground. On the side of the flume a plank walkway had been constructed, evidently intended to be used by employees in doing the work necessary to be done in connection with the plant. There was no hand-rail or guard-rail on the outside. It was constructed along the edge of the flume in some places one plank in width.

Before the trial of the case an adjustment was made with Stricklewich by which he was paid the sum of $3,750 in full settlement for all claims for damages against the plaintiff on account of the injuries which he had received. Of this amount the Pacific Coast Casualty Company contributed the sum of $1,000, and the Bridal Veil Lumbering Company the sum of $2,750, for which latter amount this action is brought.

It is the claim of the Pacific Coast Casualty Company that the walkway from which Stricklewich fell is one which the Employers' Liability Act requires to be safeguarded by an efficient railing on the outside, and that the failure of the Bridal Veil Lumbering Company to safeguard the walk in order to prevent employees from falling off while using the same in the course of their employment, with the result that Stricklewich fell therefrom, brings the case within the exception named in the policy, and that the insurance company is therefore not liable for any claim for damages because of such failure. The defendant company also pleads and claims that the payment of plaintiff toward the settlement with Joe Stricklewich was a voluntary one and cannot be recovered. Some evidence was introduced, and the stipulation of facts was read to the jury. At the close of plaintiff's case, there being no evidence introduced by the defendant, the latter moved the court for a nonsuit, which was overruled. The defendant then requested the court to instruct the jury to return a verdict in favor of the defendant. This motion was also overruled. The defendant took a cross-appeal and assigns as error the refusal of the court to direct a verdict in defendant's favor.

1. It is claimed by plaintiff upon this appeal that the defendant has not shown that the loss suffered by plaintiff comes within the exception of the policy of insurance. The defendant has alleged that the loss to the plaintiff comes within condition H of the policy above quoted. Where a policy of insurance covers certain general risks, and in a separate clause of the policy excepts losses resulting from certain causes or under certain circumstances, the burden is on the insurer to allege and prove that the loss was one ex-

cepted from the general risk covered by the policy. It is the general rule that the burden is on the insurer to show a loss is within such an exception: 4 Cooley's Briefs on Law Ins., pp. 3179, 3180. This principle has been applied in an action on a policy of life insurance in the case of *Denver Life Ins. Co.* v. *Price,* 18 Colo. App. 30 (69 Pac. 313). See, also, *Newman* v. *Covenant Mut. Ins. Assn.,* 76 Iowa, 56 (40 N. W. 87, 91, 14 Am. St. Rep. 196, 1 L. R. A. 659). The same precept holds in accident insurance: *Sutherland* v. *Standard Ins. Co.,* 87 Iowa, 505 (54 N. W. 453); *Martin* v. *National Livestock Assn.,* 65 Or. 29, 32 (131 Pac. 511). We are not directed to any case in which this question was passed upon in relation to an employers' liability insurance policy. We think, however, that, if in life, accident, indemnity and fire insurance the burden is on the insurer to prove that a loss is within an exception, it must follow that the same rule would prevail in an action upon a policy of employers' liability insurance.

2. In the case at bar the plaintiff contends that the walkway from which Joe Stricklewich fell is not embraced within the provisions of the Employers' Liability Act; that plaintiff was not required to provide such a walk with an efficient safety rail or other contrivance, so as to prevent any person from falling therefrom; and that the defendant has failed to show a noncompliance with the law on the part of the plaintiff. That part of the Employers' Liability Act of 1910 (Gen. Laws Oregon 1911, p. 16), so far as deemed material in this case, is as follows:

"All owners, contractors, subcontractors, corporations or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct, or other structure, or in the

erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all metal, wood, rope, glass, rubber, gutta percha, or other material whatsoever, shall be carefully selected and inspected and tested so as to detect any defects, and all scaffolding, staging, false work or other temporary structure shall be constructed to bear four times the maximum weight to be sustained by said structure, and such structure shall not at any time be overloaded or overcrowded; and all scaffolding, staging or other structure more than twenty feet from the ground or floor shall be secured from swaying and provided with a strong and efficient safety rail or other contrivance, so as to prevent any person from falling therefrom, * * and generally, all owners, contractors, or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.''

3. It appears that the flume and walk were a part of the plant operated by the plaintiff and used in the conduct of its manufacturing establishment. The evidence tended to show, and the jury was warranted in finding, that the employees of the plaintiff, when engaged in their duty, used the plank walk while working on or about the flume, and that the injured employee was properly on the walk engaged in the performance of his duty at the time of the injury.

While the stipulation of facts, about many of which there is little controversy, is somewhat general, we think that such a finding as we have just indicated

might reasonably be derived therefrom. Paragraph 5 of the stipulation is as follows:

"It is stipulated that during the period covered by the policy set forth in the complaint, and on the 11th day of February, 1912, Joe Stricklewich, an employee of the plaintiff company at its sawmill, planing-mill and box factory at Bridal Veil, Multnomah County, Oregon, while acting in the course of his employment and working on a lumber flume of the Bridal Veil Lumbering Company near its box factory at Bridal Veil, Oregon, accidentally fell from a walkway alongside said flume and was seriously injured; that said flume was 50 feet from the ground and the plank walkway alongside of said flume was without a railing other than the flume itself."

Photographs of the flume and walkway taken before the accident, showing no railing along the walk, and others taken after the injury, showing a three-rail guard along the walk, are contained in the evidence. The portions of the walk exhibited indicate to a certain degree that it was designed to be used for the purpose indicated. It will be noticed that the Employers' Liability Act has provided that in the construction or repairing of certain structures, "or in the erection or operation of any machinery," all scaffolding, staging, false work or temporary structure shall be of a certain strength. Then follows the somewhat general clause:

"And all scaffolding, staging or other structure more than 20 feet from the ground or floor shall be * * provided with a strong and efficient safety rail or other contrivance, so as to prevent any person from falling therefrom."

This is a provision connected with the former clause concerning the erection or operation of any machinery. The walk and flume in question, being used in connection with and as a part of the machinery and manu-

facturing establishment of the plaintiff, and being in places more than 20 feet from the ground, and evidently dangerous for persons to walk upon or along, while engaged in the course of their employment, working on the lumber flume, comes within the terms of the Employers' Liability Act; and it was the duty of the Bridal Veil Lumbering Company to construct an efficient safety rail or other contrivance along the outside of the walkway so as to prevent any person working on the lumber flume in the course of his employment from falling therefrom. It is the contention of the plaintiff that the flume itself would serve as a railing. While this might be sufficient upon one side, it is clear, from an inspection of the walk, that it would not serve as a safety rail upon the other side; that the failure of the Bridal Veil Lumbering Company so to do was a violation of this law. As somewhat instructive upon this point, although the circumstances in the cases differ to a certain degree, see *Dunn* v. *Orchard Land Co.*, 68 Or. 97 (136 Pac. 872); *Evans* v. *Portland Ry., L. & P. Co.*, 66 Or. 603 (135 Pac. 206); *Schaedler* v. *Columbia Contract Co.*, 67 Or. 412 (135 Pac. 536).

The terms and provisions of the insurance policy are plain and unambiguous. They are binding upon the insured; and, in order for the plaintiff to prevail, it must comply therewith: *Weidert* v. *State Ins. Co.*, 19 Or. 261 (24 Pac. 242, 20 Am. St. Rep. 809); *Bruce* v. *Phoenix Ins. Co.*, 24 Or. 486 (34 Pac. 16). It would not be of advantage to the plaintiff for us to ascertain whether or not there is much remaining of the policy, except the clause relating to the premium. Plaintiff contends that it is not shown that the plaintiff was rightfully upon the walk. Such, however, we do

not understand as the plain meaning of the stipulation. On this point counsel for plaintiff cite *Morrison* v. *Burgess Co.,* 70 N. H. 406 (47 Atl. 412, 85 Am. St. Rep. 634). The facts in that case, where a canvas was placed over certain machinery or shaft, and it was held that it was not intended for an employee to stand thereon, are dissimilar from the circumstances in the ease at bar.. It is shown by the stipulation of the parties and by photographs in evidence that the walk was maintained by the plaintiff for the purpose of allowing employees to walk thereon when working on or about the flume. Cleats appear to be nailed on the walk, indicating that the same are intended as steps. Indeed, we are unable to conjecture how the jury could have found that the walk was intended for any other purpose. It is not germane to the issue for us to determine just what staging or structures are directed by the terms of the law to be safeguarded. Suffice it to say that in our opinion the scaffolding or walk along the flume used in connection with the operation of the mill and box factory machinery of the plaintiff is within the intent and scope of the act, and that in order to comply with the command of the law under consideration, where the walk is more than 20 feet from the ground, it should be provided with a strong and efficient safety rail or other contrivance so as to prevent any person from falling therefrom. It may be conceded that, in order to exempt an insurance company from liability because the employer has violated a statute, the injury to the employee must have been due to the violation, under the authority of 4 Cooley's Briefs on Law of Ins., p. 3149; *Cluff* v. *Mutual Benefit Co.,* 95 Mass. (13 Allen) 308, 319; *Bloom* v. *Franklin Co.,* 97 Ind. 478 (49 Am. Rep. 469, 474); *Kirkpatrick*

v. *Aetna Co.,* 141 Iowa, 74 (117 N. W. 1111, 22 L. R. A. (N. S.) 1255).

We give our most careful consideration to the following, which counsel for plaintiff suggest:

"In studying the Employers' Liability Act a person unquestionably receives the impression that the people of the State of Oregon, when they adopted that act, intended to limit it to contractors and owners engaged in the construction or repair of buildings and to a certain class of employers engaged in the manufacture or use of certain dangerous substances or appliances. * * *"

We cannot, however, ignore the direction of the statute to those engaged in the operation of any machinery. As to the general clause of the law quoted, we refer to it as somewhat confirming the meaning we have given to the former part of the section.

It is alleged in the complaint that the policy under which the plaintiff claims covers the sawmill and other parts of the plant of the plaintiff company, and that "Joe Stricklewich, an employee of the plaintiff company, at its sawmill and box factory at Bridal Veil, Multnomah County, Oregon, while acting in the course of his employment and working on a lumber flume of the plaintiff company near its box factory at Bridal Veil, Oregon, accidentally fell from said flume and was seriously injured; that said Joe Stricklewich, at the time of said accident, was employed by the plaintiff company and engaged in the performance and prosecution of work covered by the terms of said policy, and said Joe Stricklewich was at the time of said accident such an employee as was covered by the terms of said policy."

4. In order to be exempt from liability because of the alleged violation of law, the defendant must show

that the injury to the employee was due to the violation: 4 Cooley's Briefs on Law of Ins., p. 3149.

As to the use intended to be made of the walk referred to, we defer to a certain extent to the judgment of the jury. As to whether the injured party was properly on the walk was also a matter for the jury to determine from the evidence. It is stipulated that at the time he was acting in the course of his employment and working on the lumber flume; and we fail to see how the jury could arrive at any other conclusion than that the employee was rightfully and necessarily there. From the circumstances disclosed, although meager, the jury could reasonably find that the lack of the safety rail was the proximate cause of the injury. The jurors are not required to shut their eyes and not exercise their knowledge of the common every-day affairs of life in the conduct of works in manufacturing establishments. The plaintiff saved exceptions to the instructions of the court that it was the duty of the plaintiff, under the law, to provide a rail along the walkway, and submitted for the determination of the jury the questions whether J. Stricklewich was rightfully on the walkway, and whether the injury occurred because the plaintiff failed to provide a railing. The plaintiff assigns the same as error. The submission of the questions to the jury was more favorable to the plaintiff than granting the motion of defendant for a directed verdict in its favor would have been, and plaintiff has no reason to complain in that respect. Our view of the main question submitted renders unnecessary the consideration of the other errors assigned by the plaintiff and also by the defendant.

We find no prejudicial error in the record, and the judgment of the lower court must therefore be affirmed; and it is so ordered.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.